Corwin, J.
This is a writ of error in the district court of Wood ■county, and the errors assigned are:
1. That the judgment is for the amount found due in equity, and not for the penalty of the bond.
2. That the matters set forth in the special plea of the defendant are sufficient to bar the plaintiff’s right of action.
*The journal entry of the finding and judgment of the court is as follows:
“ And thereupon said cause came on for trial upon the issue joined, and by consent was submitted to the court, and they, being fully advised in the premises, do find that said deed in said dec *10 laration mentioned is the deed of the said defendant, and that the-said defendant doth owe the plaintiff in manner and form as is-alleged against him in said declaration, and they do find the said plaintiff's right as well to recover against the said Elijah Huntington his debt, as well as have execution for so much as is due according to equity; and they do find said debt to be the sum of-, and that there is now due said plaintiff from said defendant, in equity, the sum of $743.78. Therefore, it is considered that said plaintiff recover of said Elijah Huntington the said sum of-as aforesaid; and it is further ordered that execution issue herein against said Elijah Huntington for the said sum of $743.78, and costs herein taxed,” etc.
The journal entry of the judgment does not specify the amount-of the penalty of the bond for which judgment is rendered, and in this respect is informal and defective; but the court do find that said deed in the declaration mentioned is the deed of the said defendant ; and that the said defendant doth owe the plaintiff in manner and form as is alleged against Mm in said declaration,” etc. The-declaration fully describes the deed referred to in the finding of the court, and the record thus furnishes ample means of filling the-blank, and supplying the defect which is assigned for error. The rights of the parties under the issue joined between them, having been substantially passed upon by the court, this point may be disposed of by applying to it the provisions of the act of March 19, 1835 (1 Curw. Stat. 211, sec. 5), which provides, among other things, that “ the Supreme Court may, on like terms, permit either party to a judgment or other proceedings,brought before it on writ of error, or certiorari, to amend such formal defect in the-same manner as the court where the judgment was originally rendered might have done, before writ of error brought.”
*2. Are the matters set up in the special plea of the defendant sufficient to bar the plaintiff’s right of action ?
The facts as therein set forth are briefly as follows : Henry Ziegler, being the owner of tract number eleven, of the Maumee and Western Eoad Lands, sold and contracted to convey it to one Elijah N. Knight, for the consideration of some eighteen hundred dollars. Knight, under his purchase, entered into his possession of the land, paid a part of the purchase money, and failed to pay the balance. Ziegler then assigned his interest in the contract to Ichabod Eodgers, for whose use this suit is brought, but who, in *11 taking the assignment of the contract, agreed to perform all Ziegler’s covenants with Knight. Suit was brought upon the contract, against.Knight, and judgment recovered in the court of common pleas, and the case duly appealed to the Supreme Court. On the appeal, the present plaintiff in error went bail. Judgment was also recovered in that court, and another suit brought against Knight for the balance of the purchase money due on said contract. In this last suit, judgment was also recovered in the court of common pleas for the full amount claimed. The contract was-never annulled or rescinded by either party; execution was issued upon both judgments, and both levied upon Knight’s interest in road tract number eleven. The tract was sold and bid in under the last judgment for about twelve hundred dollars, the defendant in error being the purchaser. The last judgment was satisfied in full, leaving a small balance to apply on the first judgment; there being no other property on which to levy, suit was brought against the plaintiff in error as appeal bail. When this suit was brought, Knight appeared and tendered the defendant in error the full sum then appearing to be due on said contract (deducting the amount appearing to have been made on said executions), and including the interest and the costs of this suit, and demanded from Rodgers a deed of the aforesaid premises, which he refused to give.
The principal question argued by counsel under the assignment of error, is as to the nature and extent of the interest ^acquired by the purchaser on the execution against Knight, —he being at the time of the levy and sale in possession of the •premises, under his contract of purchase, upon which partial payment had been made.
In my opinion, a sale upon •execution at law passes only such legal estate in the premises as the debtor has at the time of the-sale; and it can not be maintained that such sale vests in the purchaser any equities of the debtor which are not at the time a subject of levy upon such execution. But, in this case, it is not found, necessary to express the opinion of the court upon the question— for, admitting that the equity of Knight in the premises is undisturbed by the sale, and that the amount tendered by him to the-defendant in error was sufficient, yet it constitutes no subject for a plea in bar of the action. If the tender were originally good, and' had been kept up by a deposit of the money in court, yet the party *12 ■would have a right to recover the amount thus admitted to be due him, aud the tender could only affect the question of costs.
Eor aught that appears in the plea, the court could have rendered no other judgment than that which was rendered in this ■case, and its judgment is therefore affirmed, with costs.